IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM L. SULLIVAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:96CV768-A |
| | ) | WO |
| JAMES DELOACH, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I. FACTS AND PROCEDURAL HISTORY**

This cause is before the court on the Petitioner's Objections to the original Recommendation of the Magistrate Judge and to the Supplemental Recommendation of the Magistrate Judge.

The facts of the case have been set out more fully in the original Recommendation of the Magistrate Judge. The court only summarizes those facts here. The Petitioner, William L. Sullivan ("Sullivan"), was found guilty of the murder of Mike Smith ("Smith") in 1990. Smith was killed as a result of knife wounds inflicted by Sullivan with Sullivan's knife during a fight. At trial, Sullivan presented a defense of self-defense. He testified that Smith was the first aggressor and that he believed Smith to be armed with a knife. No knife belonging to Smith was recovered at the scene. Sullivan's conviction was affirmed on appeal. Sullivan filed a post-conviction petition in state court which was denied, and the denial affirmed.

On May 8, 1996, Sullivan filed a petition for writ of habeas corpus in this court pursuant to 28 U.S.C. § 2254. Upon appeal of an Order adopting a Recommendation of the Magistrate Judge in this case that the case be dismissed, the case was remanded to this court from the

Eleventh Circuit Court of Appeals for a determination of whether Sullivan is entitled to an evidentiary hearing because his trial attorney did not testify at a hearing held in state court, and whether trial counsel was ineffective for failing to investigate or call Sullivan's then six-year-old daughter Sonia Renee Sullivan ("Renee Sullivan") as a witness.

On September 25, 2001, an evidentiary hearing was conducted by the Magistrate Judge on the ineffective assistance of counsel claim. At the hearing, the Magistrate Judge heard testimony from several witnesses including Sullivan, Renee Sullivan, and John Thomas Kirk ("Kirk"), the attorney who represented Sullivan during his criminal trial. The relevant portions of that testimony are discussed in context below.

The Magistrate Judge has recommended in a Recommendation and Supplemental Recommendation that the petition for habeas corpus relief be denied. The Petitioner has objected to the Recommendation and Supplemental Recommendation. After reviewing the Recommendation and Supplemental Recommendation and the objections thereto, the court asked for supplemental briefs of the parties on a few specific issues.

For the reasons to be discussed, the petition for writ of habeas corpus is due to be DENIED.

## II. HABEAS CORPUS STANDARD

This court must conduct a de novo review of timely objections to a magistrate judge's recommendation. Stokes v. Singletary, 952 F.2d 1567, 1576 (11th Cir. 1992); see also 28 U.S.C. §636(b)(1)(C) ("[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") All

claims for relief raised in a petition for writ of habeas corpus must be addressed whether habeas relief is granted or denied.  Clisby v. Jones, 960 F.2d 925, 936 (11th Cir. 1992).

In accordance with the law of this circuit, this court has conducted a de novo review of the magistrate judge's recommendation, including reviewing a transcript of the testimony from the evidentiary hearing.

A district court judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings.  United States v. Raddatz, 447 U.S. 667, 680 (1980).  It has been noted that "[I]mplicit in Raddatz is a recognition that the credibility findings of a magistrate, who personally observed and listened to the testimony of live witnesses, may be accepted unless the district judge, in his de novo review, finds reason to question the magistrate's assessment of the evidence."  Blizzard v. Quillen, 579 F. Supp. 1446, 1449 (D. Del. 1984); see also Buckley v. McGraw-Hill, Inc., 762 F. Supp. 430, 435 (D. N. H. 1991).

After reviewing the record, including the transcript of the evidentiary hearing, the court makes an independent factual determination and agrees with the Magistrate Judge's credibility assessments.  The court finds no reason to question the factual findings of the Magistrate Judge or to order a new evidentiary hearing to take additional evidence.  See United States v. Veteto, 701 F.2d 136, 140 (11th Cir. 1983), cert. denied, Wescott v. U.S., 463 U.S. 1212 (1983).

### III. DISCUSSION

In the Recommendation and Supplemental Recommendation, the Magistrate Judge concluded, based on the record and the evidentiary hearing held in the case, that Sullivan's trial attorney did not violate Sullivan's right to effective assistance of counsel by failing to investigate and call Renee Sullivan as a witness at Sullivan's criminal trial.

The sixth amendment right to counsel exists to protect the fundamental right to a fair trial. A petitioner must satisfy the requirements of a two-pronged test to prevail on a claim of ineffective assistance of counsel. A petitioner first must establish that his attorney's performance "fell below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 688 (1984). "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Strickland, 466 U.S. at 688. Once deficient performance is shown, to establish prejudice a petitioner must show that there is "a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different." Id. at 694. The prejudice component of the Strickland test focuses on the question whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him. Williams v. Taylor, 529 U.S. 363, 393 n. 17 (2000).

The Magistrate Judge initially concluded that there was no evidence that Sullivan's attorney, Kirk, knew that Renee Sullivan was an eyewitnesses to the fight between Sullivan and Smith. In the Supplemental Recommendation, however, the Magistrate Judge sets forth testimony by Sullivan at the evidentiary hearing held in this case that Sullivan told Kirk that Renee Sullivan was an eyewitness, but that he did not press the point with Kirk. Because the Magistrate Judge had the opportunity to evaluate the credibility of Sullivan and Kirk, and did not reject Sullivan's testimony on this point, stating only that it "borders on the incredible," see Supplemental Recommendation at page 3, this court adopts the finding that Sullivan told Kirk that his daughter Renee Sullivan was an eyewitness to the fight.

The Supreme Court has stated the following, in the context of a discussion of investigation of mitigating evidence:

> [S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.

Wiggins v. Smith, 539 U.S. 510, 521-522 (2003) (citation omitted).

It does not appear that Kirk articulated a strategic decision based on evidence for not interviewing or calling Renee Sullivan as a witness. Although not discussed by the Magistrate Judge, at the evidentiary hearing Kirk stated that he did not interview the children present at the house during the fight, including Renee Sullivan, because he did not want his questioning to plant ideas in a child's mind. See Transcript of Evidentiary Hearing at page 144: 14-18. Another reason given by Kirk at the evidentiary hearing, that he did not believe there were eyewitnesses because no eyewitnesses were revealed by Sullivan or his ex-wife or the police report, was undermined once Sullivan told Kirk that Renee Sullivan was an eyewitness. Further, Kirk could not be determined to have been acting reasonably based on any evaluation of the credibility of Renee Sullivan's testimony, because no such evaluation was made by him. The court need not decide whether Kirk's conduct was constitutionally deficient, however, if the court concludes that the prejudice prong has not been met. Grayson v. Thompson, 257 F.3d 1194, 1225 (11th Cir. 2001).

Turning to the prejudice prong of Strickland analysis, Sullivan states that had Kirk interviewed and/or called Renee Sullivan, bolstering testimony would have been available for his defense of self-defense. Renee Sullivan, who was five years old when Smith was killed by Sullivan, was seventeen years old at the time she testified at the evidentiary hearing in this case. During that hearing, she testified that Smith, the victim, attacked her father and "came out with his knife held high" above his head. Transcript of Evidentiary Hearing at page 27:17, 28:10-12. She testified that the men were rolling and fighting. Id. at page 31:11.

The Respondent has argued that Renee Sullivan's testimony would not have made a difference at trial because it is not credible. The Respondent points to Sullivan's testimony at his criminal trial that he did not see a weapon, see R. 469:14, and to the lack of physical evidence to support that Smith had a knife. The Magistrate Judge specifically concluded that because Renee Sullivan's testimony was unsupported by any other testimony, including Sullivan's, and because there were inconsistencies between her testimony when she was eleven years old[1] and when she was seventeen years old, there is no probability the jury would have credited her testimony about the knife. Recommendation at page 25.

The Petitioner argues that issues of credibility are left for determination by a jury. While the court would agree with that proposition generally, in the context of an ineffective assistance of counsel claim this court has the responsibility to determine whether evidence probably would have made a difference at trial. Credibility determinations may be a part of that inquiry. For instance, in United States v. Olson, 846 F.2d 1103, 1109 (7th Cir. 1988), the court reasoned that the Strickland standard had not been met because the witnesses the petitioner identified as

---

[1] Renee Sullivan gave a sworn statement at age eleven.

potential alibi witnesses gave "incredible, inconsistent" testimony at the evidentiary hearing which was "unlikely to persuade the jury." Therefore, the mere fact that a credibility determination is involved does not mean that prejudice has been established.

This court asked the Respondent to comment by supplemental brief on the Petitioner's position that there is no contradiction between Renee Sullivan's observation of Smith having a knife or her description of the fight, and the testimony of her father or other evidence. The Respondent's position is that Renee Sullivan's testimony was contradicted by the fact that no knife possessed by Smith was recovered from the scene of the killing, and that Sullivan never claimed that he had taken Smith's knife with him from the scene. The Magistrate Judge also pointed to testimony by the coroner that some of Smith's wounds indicate that Sullivan was behind Smith at the time they were inflicted, R. 263:4-5, that when asked if the wounds could have been inflicted while wrestling on the ground, it was the coroner's opinion that it was highly unlikely that the knife wounds were inflicted in that manner, R. 507:9-22, and that there was an absence of wounds on Sullivan's legs. Although the Petitioner contends that this evidence does not contradict the testimony of Renee Sullivan, the court agrees with the Magistrate Judge, having independently reviewed the evidence, that the physical and medical evidence, even if not directly contradictory, did not support Renee Sullivan's version of the events.

In Wiley v. Wainwright, 793 F.2d 1190 (11th Cir. 1986), a defendant had informed his attorney that three witnesses would back-up his version of the events when he shot and killed another. Upon the advice of his attorney, the defendant pled guilty to the killing. The defendant then claimed in a federal petition for writ of habeas corpus that the attorney provided ineffective assistance of counsel by failing to investigate the self-defense witnesses before advising him to

7

plead guilty. An evidentiary hearing was held by the federal magistrate judge on the claims in the petition. During that hearing, one of the identified self-defense witnesses testified that the victim had advanced on the petitioner with a knife drawn. The Eleventh Circuit noted that the magistrate judge found this testimony to be incredible. Id. at 1194. The Eleventh Circuit also noted as significant that none of the witnesses with whom the attorney spoke prior to trial substantiated the petitioner's version of the events, nor did the police reports, and that no weapon was found on or near the victim. Id.[2] The Eleventh Circuit concluded that the petitioner had demonstrated neither deficient performance nor prejudice. Id. at 1195.

Although not identical, the facts in the instant case are similar to the facts in Wiley. Here, as in Wiley, the attorney was told about the existence of an eyewitness, but the testimony of that witness before the Magistrate Judge, in this case, testimony that the victim attacked her father with a "knife held high," was determined by the Magistrate Judge not to be credible. In this case, the Magistrate Judge concluded that Renee Sullivan's version of the events and description of the fight would not be found by a jury to be credible in part because it was inconsistent with the physical and medical evidence. In addition, here, as in Wiley, no weapon was found with the victim. Furthermore, as in Wiley, a witness to the killing gave testimony that did not support Renee Sullivan's testimony. Specifically, Sullivan himself stated that he never saw a knife, and certainly never testified that Smith attacked him with his "knife held high."

---

[2] The Eleventh Circuit also found significant that the attorney made repeated efforts to locate the witnesses and testified that if he had known their testimony, because of the overwhelming weight of the evidence against a self-defense claim, he still would have recommended a plea of guilty. Wiley, 793 F.2d at 1194. While those facts are not present in the instant case, they appear to be more relevant to the deficient performance analysis, rather than the prejudice analysis.

Therefore, in this case, as in Wiley, the mere fact that a witness was available to testify that the victim attacked the petitioner with a knife is not sufficient to establish prejudice where the testimony is not supported by the other evidence in the case.

The Petitioner has also argued that prejudice can be presumed because of an actual financial conflict of interest between Kirk and Sullivan and a conflict of loyalties between Sullivan and his estranged wife, and that these conflicts caused Kirk to fail to fully investigate and discover Renee Sullivan's exculpatory testimony. First, as discussed, the court does not conclude that Renee Sullivan's testimony was exculpatory, because it lacked credibility. Second, the court agrees with the Recommendation of the Magistrate Judge that no conflict of interest has been demonstrated which would be a basis for making a finding of prejudice, and that any conflicted loyalties of Sullivan's estranged wife, and any conflicting financial interest of Kirk, are hypothetical.

Having concluded that Sullivan has failed to demonstrate prejudice under the second prong of Strickland analysis, it is unnecessary, and the court declines, to adopt the portions of the Recommendation and Supplemental Recommendation which find that Kirk's performance was not deficient under the first Strickland prong.

## IV. CONCLUSION

Upon an independent, de novo evaluation of the Recommendation and Supplemental Recommendation of the Magistrate Judge, and the objections thereto, and having considered carefully the entire file, including briefs of counsel, all exhibits, the trial transcript and the transcript of the evidentiary hearing before the Magistrate Judge, the court finds the Petitioner's objections are due to be overruled. The court adopts the Recommendation and Supplemental

Recommendation of the Magistrate Judge, with the modification that this court has made no finding as to the reasonableness of Sullivan's counsel's actions in failing to investigate or call Renee Sullivan as a witness, and adopts the Recommendation and Supplemental Recommendation only to the extent that they find that Sullivan has not demonstrated prejudice sufficient to establish that he was denied his sixth amendment right to effective assistance of counsel.  Accordingly, it is hereby

ORDERED that the petition for habeas corpus relief is DENIED.  A separate Judgment will be entered in accordance with this Memorandum Opinion and Order.

Done this 5th day of May, 2005.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE